UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEVIN M. USELMAN,

          Plaintiff,

v.

BRUCE RISER, GREG SMITH, SCOTT YOZAMP, SANDRA O'HARA, and JOHN C. PENTLAND,

          Defendants.

Civil No. 11-3626 (PJS/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff is Minnesota state prison inmate who is currently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, ("MCF-RC"). He commenced this action by filing a self-styled (handwritten) pleading entitled "Complaint for Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The case has been assigned to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

**I.     BACKGROUND**

Plaintiff is attempting to sue five employees at MCF-RC: Bruce Riser, the Warden, Greg Smith, "the Associate Warden," Scott Yozamp, a "Program Director," Sandra O'Hara, "the Associate Warden of Administration," and John C. Pentland, an "officer." (Complaint, p. 2, ¶s 4-8.)

Plaintiff's complaint indicates that he was previously incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota, ("MCF-LL"), and that he was "raped" by someone, (presumably another inmate), while he was confined at that institution. (See id., p. 3, ¶s 12 and 13.) As far as the Court can tell, Plaintiff must have been transferred to MCF-RC shortly after that assault occurred.[2]

Plaintiff contends that he should have been assigned to "administrative segregation" after he arrived at MCF-RC. He apparently believes that he should have been placed in administrative segregation to protect him from being assaulted again. The complaint alleges that Defendant John C. Pentland, the "unit supervisor" for administrative segregation at MCF-RC, "knew about Plaintiff's past issues,"

---

[2] The Court notes that Plaintiff filed two previous actions in this District in October 2011 – Uselman v. Department of Human Services, No. 11-2913 (PJS/JJG), and Uselman v. Benson, No. 11-3142 (PJS/JJG). In both of those cases, Plaintiff's submissions indicated that he was confined at the Minnesota Sex Offender Program at Moose Lake, Minnesota. Plaintiff's current IFP application, (see n. 1., supra), includes a prison Trust Account Statement which indicates that he was at MCF-LL during the month of November 2011. However, the IFP application itself shows that as of December 14, 2011, Plaintiff was at MCF-RC. Thus, it appears that Plaintiff must have arrived at MCF-LL in late October at the earliest, and he must have left there by the beginning of December at the latest. This suggests that the assault mentioned in Plaintiff's complaint probably occurred sometime during November 2011, and Plaintiff must have been transferred from MCF-LL to MCF-RC shortly thereafter.

(apparently meaning the alleged assault at MCF-LL), and Pentland therefore should have "place[d] Plaintiff on administrative segregation." (Id., p. 4, ¶ 16.) Pentland did not do that, however, so Plaintiff then asked some of the other named Defendants to assign him to administrative segregation. Plaintiff alleges that his requests to be placed in administrative segregation were denied by Defendants Greg Smith, Scott Yozamp, and Sandra O'Hara. (Id., p. 3, ¶s 13, 14, and 15.) Plaintiff further alleges that Defendant Bruce Riser "refused to process my grievances," (id., p. 3, ¶ 12), which presumably means that Riser would not countermand his subordinates' refusals to assign Plaintiff to administrative segregation.

Plaintiff alleges that Defendants Riser and Smith "put [his] safety at risk" by declining his requests for assignment to administrative segregation. (Id., p. 3, ¶s 12 and 13.) He apparently believes that the other three Defendants also put his safety at risk by failing to assign him to administrative segregation.

There are no allegations in Plaintiff's complaint which suggest that he has suffered any harm of any kind since he arrived at MCF-RC, and there are no allegations suggesting that anyone at MCF-RC has threatened to harm Plaintiff in any way. In addition, there are no allegations suggesting that any of the named Defendants has any reason to suspect that anyone at MCF-RC might pose any danger to Plaintiff.

Even though there are no allegations suggesting that Plaintiff has suffered any injury at MCF-RC, he is seeking "compensatory damages in the amount of $275,000.00 against each defendant;" he is seeking "punitive damages in the

3

amount of $200,000.00 against each defendant;" and he is seeking "actual damages in the amount of $300,000.00 against each defendant." (Id., p. 5, ¶s 21, 22 and 23.) Plaintiff is also seeking an order that would compel Defendants "to place Plaintiff on Administrative Segregation with All his property that he owns or has, and allow Plaintiff to order anything he diseres [sic] from the Canteen for the next 5 years." (Id., p. 5. ¶ 26.)

## II.  DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some appropriate redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

4

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To bring an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim, a complaint must

5

set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Here, Plaintiff claims that the five named Defendants are violating his constitutional rights under the Eighth Amendment, by not assigning him to administrative segregation.  He apparently believes that someone at MCF-RC intends to harm him, and that Defendants are exposing him to an unreasonable risk of harm by failing to remove him from the general prison population at MCF-RC.

A prison official violates the Eighth Amendment "'if he is deliberately indifferent to the need to protect an inmate from a substantial risk of harm from other inmates.'" Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998), quoting Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997).  To plead an actionable Eighth Amendment failure-to-protect claim, a prisoner must allege facts showing (1) that he was "'incarcerated under conditions imposing a substantial risk of serious harm,'" (Jensen v. Clarke, 94 F.3d 1191, 1197 (8th Cir. 1996), quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)), and (2) that the defendants who are being sued were actually aware of the risk of serious harm and deliberately ignored it.  Jackson, 140 F.3d at 1151.  In other words, the prisoner-plaintiff must plead (and eventually prove) that the named defendants were actually aware of some particular threat to the prisoner-plaintiff, and deliberately disregarded the danger.  As explained by our Court of Appeals, "to be liable, the accused prison official must have remained deliberately indifferent to an actually known risk of harm to the prisoner." Williams v. Nebraska State Penitentiary, 57 F.3d 667, 669 (8th Cir. 1995) (emphasis added).

See also Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998) ("[d]eliberate indifference requires a showing that the official knew the risk existed, but disregarded it").

In this case, Plaintiff's complaint fails to state an Eighth Amendment failure-to-protect claim, because there are no factual allegations showing that any of the Defendants has been aware of, and has deliberately ignored, any specific and genuine risk of harm to Plaintiff. The complaint does not identify any particular inmate at MCF-RC, (or anyone else at MCF-RC), who allegedly has attacked Plaintiff, or threatened to attack Plaintiff. Furthermore, there are no allegations showing that any of the Defendants actually is aware of anyone who presents any real danger to Plaintiff's personal safety.

The Court has not overlooked Plaintiff's allegation that he previously was raped while he was confined at MCF-LL. However, that allegation alone does not show that any of the named Defendants has been aware of any threat to Plaintiff's safety during his current confinement at MCF-RC. Again, Plaintiff has not alleged any facts showing that he is, or ever has been, subject to any specific and substantial risk of harm at MCF-RC; nor has he alleged any facts showing that any of the Defendants has been aware of any such risk. Therefore, Plaintiff has failed to plead an actionable Eighth Amendment claim.[3]

---

[3] The Court also notes even if Plaintiff had identified some specific threat to his safety at MCF-RC, his complaint still would be inadequate, because there are no allegations showing that Defendants have not taken adequate steps to protect him. Plaintiff alleges only that Defendants have failed to assign him to administrative segregation, but

7

**III.    CONCLUSION**

For the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that Plaintiff's application for leave to proceed IFP, (see n. 1, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[4] To date, Plaintiff has not paid any fee at all, so he still owes the full $350 fee. Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner

---

that allegation does not show that Defendants have failed to take other suitable precautions to protect him. Plaintiff does not have a constitutional right to be protected as he sees fit. At most, Defendants are constitutionally obligated to take reasonable measures to protect Plaintiff – which may or may not coincide with Plaintiff's personal preferences. See Young v. Selk, 508 F.3d 868, 871 (8th Cir. 2007) ("the eighth amendment's prohibition against cruel and unusual punishment requires prison officials to 'take reasonable measures to guarantee' inmate safety by protecting them from attacks by other prisoners) (quoting Farmer, 511 U.S. at 832). Thus, even if Plaintiff's complaint did describe some specific threat to his personal safety, he could not sue Defendants for violating his Eighth Amendment rights simply because they declined his request for administrative segregation.

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will also recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated: December 21, 2011      s/ *Jeanne J. Graham*
                              JEANNE J. GRAHAM
                              United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 6, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.